**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **ERIC TODD LITTLE AND** | § | |
| **RHONDA MICHELLE LITTLE,** | § | **CASE No. 26-40968- elm7** |
| | § | **(CHAPTER 7)** |
| **DEBTOR.** | § | |

| | | |
|---|---|---|
| **TEJAS SPECIALTY CONCRETE** | § | |
| **COATINGS, LLC D/B/A SPECIALTY** | § | |
| **CONCRETE COATINGS OF TEXAS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **ADVERSARY NO. _____** |
| | § | |
| **ERIC TODD LITTLE,** | § | |
| | § | |
| **Defendant.** | § | |

**COMPLAINT OF TEJAS SPECIALTY CONCRETE COATINGS, LLC D/B/A**
**SPECIALTY CONCRETE COATINGS OF TEXAS OBJECTING TO**
**DISCHARGEABILITY OF INDEBTEDNESS (11 U.S.C. § 523)**

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COMES NOW, TEJAS SPECIALTY CONCRETE COATINGS, LLC D/B/A SPECIALTY CONCRETE COATINGS OF TEXAS ("SCC"), with the following complaint against ERIC TODD LITTLE ("Little" or "Debtor") and would respectfully show the Court as follows:

**Parties and Service**

1.     Plaintiff, SCC, is a Texas limited liability company.

2.     Debtor, Little, is an individual residing in Texas. Little may be served with process, with issuance of citation being requested at this time, by serving him at 8124 Sandhill

Crane, Fort Worth, Texas 76118, or at such other place where he may be found, with a courtesy copy to his counsel of record, Clayton L. Everett, 515 E. Border St., Arlington, Texas 76010.[1]

### Jurisdiction and Venue

3.      Little is a debtor in bankruptcy, whose case is pending in this Court.  The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334 and 11 U.S.C. § 523(a)(4).  Venue is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

### Background Facts

4.      Crimson Building Company, LLC ("Crimson") and SCC entered into a subcontract (the "Subcontract"), pursuant to which, SCC furnished labor and material (collectively, the "Work") related to the development of, and the construction of certain improvements to, property (the "Real Property") in Tarrant County, Texas for a project commonly known as Skyview at Crawford (the "Project").

5.      As it furnished the Work, pursuant to the Subcontract, SCC submitted its Applications for Payment ("Pay Apps") to Crimson, thereby making demand on Crimson for the indebtedness pertaining to the Work.[2]

6.      Crimson failed or refused to pay the amount specified in the Pay Apps before the respective due dates.  Accordingly, on or about July 16, 2024, SCC sent Crimson and Little a demand letter (the "Demand Letter") demanding payment of the outstanding Pay Apps.[3]  The Pay Apps remain unpaid, and after allowing all just and lawful offsets and credits, the principal

---

[1] 8124 Sandhill Crane, Fort Worth, Texas 76118 is the address provided by Little in his Voluntary Petition filed on March 2, 2026 [Dkt. 1].

[2] True and correct copies of the Pay Apps are attached to the "Demand Letter" (herein defined).

[3] A true and correct copy of the Demand Letter is attached hereto as **Exhibit "1"**.

sum of **$70,530.00** remains outstanding and owing to SCC by Crimson, pursuant to the

Subcontract, and Little, pursuant to the Texas Construction Trust Fund Act.[4]

7.      Crimson has received, and Little had control or direction of, funds with respect to

the Project in the amount of **$70,530.00**, which funds were intended to compensate SCC for the

Work furnished by SCC to Crimson for the improvement to the Real Property.  Pursuant to the

Texas Construction Trust Fund Act (the "Act"), these funds are construction trust funds for the

benefit of SCC (the "Trust Funds").[5]  Although Crimson and Little are each a trustee of the Trust

Funds, and were obligated to use the Trust Funds only in the manner specified in the Act,

Crimson and Little failed to honor their respective fiduciary obligations thereunder, and retained,

used, disbursed, or diverted the Trust Funds with the intent to deprive SCC, an intended

beneficiary of the Trust Funds, to which SCC is entitled.

8.      Little's intentional misapplication of the Trust Funds received by the owner of the

Project is a violation of the Act.  TEX. PROP. CODE § 162.031(a).  As a result of the foregoing,

Little's debt to SCC is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4) and Chapter 162 of

the Texas Property Code.

### Causes of Action

### Count 1

**For a Determination that Little's Debt to SCC Is Not Dischargeable Pursuant to 11 U.S.C.
§ 523(a)(4) and CHAPTER 162 OF THE TEXAS PROPERTY CODE.**

9.      SCC incorporates by reference the foregoing paragraphs as if fully stated herein.

10.     Little's debt to SCC is non-dischargeable because said debt is the result of fraud

or defalcation while acting in a fiduciary capacity, embezzlement, or larceny as contemplated by

---

[4] *See* the Unsworn Declaration of Larry Ortega, proving SCC's damages, attached hereto as **Exhibit "2"**.

[5] Chapter 162 of the Texas Property Code.

11 U.S.C. § 523(a)(4) and Chapter 162 of the Texas Property Code. *See In re Cook*, 2006 WL 470586, at *3 (S.D. Tex. 2006) (a trustee who has misapplied trust funds breaches a fiduciary duty under the Texas Construction Trust Fund Statute. Such debts are not dischargeable under § 523(a)(4)).

11. The funds paid by the owner of the Project, Skyview at Crawford, LLC ("Owner") to Little are Trust Funds as they are payments made to a contractor under a construction contract for the improvement of specific real property in this state. TEX. PROP. CODE § 162.001(a).

12. Little is a "Trustee" as defined by the Act because he is the owner, officer, and director of the contractor on the Project, Crimson, and received the Trust Funds from the Owner. TEX. PROP. CODE § 162.002.

13. SCC is a "Beneficiary" of the Trust Funds as defined by the Act because SCC was a subcontractor on the Project who furnished labor or material for the construction or repair of an improvement on specific real property in this state. TEX. PROP. CODE § 162.003.

14. A trustee acts with intent to defraud when the trustee (i) "retains, uses, disburses, or diverts trust funds with the intent to deprive the beneficiaries of the trust funds;" **_or_** (ii) "retains, uses, disburses, or diverts trust funds and [ ] fails to establish or maintain an account record for the construction account as required by Section 162.007". TEX. PROP. CODE §§ 162.005(1)(A – B); 162.007.

15. "A trustee who, intentionally or knowingly or with intent to defraud, directly or indirectly retains, uses, disburses, or otherwise diverts trust funds without first fully paying all current or past due obligations incurred by the trustee to the beneficiaries of the trust funds, has misapplied the trust funds." TEX. PROP. CODE § 162.031(a).

16.     Here, Little received Trust Funds from the Owner.  Little was obligated to use the Trust Funds only in the manner specified in the Act.  Instead, Little, misapplied the Trust Funds when he failed or refused to pay all current or past due obligations to beneficiaries of the Project, such as SCC.  TEX. PROP. CODE § 162.031(a).  To date, **$70,530.00** remains outstanding and owing by Little to SCC for the Work.  **Ex. 1** and **Ex. 2**.

17.     Little's intentional misapplication of Trust Funds is a violation of the Act, rendering Little's debt to SCC a result of fraud or defalcation while acting in a fiduciary capacity.  TEX. PROP. CODE § 162.031(a); 11 U.S.C. § 523(a)(4).  Little's debt to SCC for the Work, in the amount of **$70,530.00**, is therefore non-dischargeable.

### Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, TEJAS SPECIALTY CONCRETE COATINGS, LLC d/b/a SPECIALTY CONCRETE COATINGS OF TEXAS ("SCC") prays for the following judgment in its favor and against ERIC TODD LITTLE ("Little" or "Debtor"):

(i)     The principal amount owed by Little to SCC, in the amount of **Seventy Thousand Five Hundred Thirty and 00/100 Dollars** (**$70,530.00**), is excepted from any discharge granted to Little pursuant to 11 U.S.C. § 523(a)(4); and,

(ii)    All such other and further relief that SCC may be entitled to at law or in equity.

Dated:  April 17, 2026.

Respectfully submitted,

CRADY JEWETT McCULLEY & HOUREN LLP

By: */s/ Megan R. Fawcett*
    William R. Sudela
    State Bar No. 19463300
    Email: wsudela@cjmhlaw.com
    Carolyn V. Carollo
    State Bar No. 24083437
    Email: ccarollo@cjmhlaw.com
    Megan R. Fawcett
    State Bar No. 24137168
    Email: mfawcett@cjmhlaw.com
    Christopher M. Hall
    State Bar No. 24149043
    Email:  chall@cjmhlaw.com
    2727 Allen Parkway, Suite 1700
    Houston, Texas 77019-2125
    Telephone: (713) 739-7007
    Facsimile: (713) 739-8403

***Attorneys for Plaintiff, Tejas Specialty Concrete Coatings, LLC d/b/a Specialty Concrete Coatings of Texas***