B1040 (FORM 1040) (12/24)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br><br>ARBO APARTMENT GROUP I, LLC | **DEFENDANTS**<br><br>ERIC TODD LITTLE |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Bourland, Wall, & Wenzel, P.C., 301 Commerce Street, Ste. 2500, Fort Worth, Texas 76102, (817) 877-1088 | **ATTORNEYS** (If Known)<br>Norred Law, PLLC, 515 E. Border, Arlington, Texas 76010, (817) 704-3984 |
| **PARTY** (Check One Box Only)<br>□ Debtor      □ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    □ Other<br>□ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor      □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Determination of non-dischargeability of judgment debt under 11 U.S.C. § 523 (a) (2), (4), and (6)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(f) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ 601,042.48 |

Other Relief Sought

**B1040 (FORM 1040) (12/24)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Eric Todd Little and Rhonda Michelle Little | BANKRUPTCY CASE NO.<br>26-40968-elm7 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Texas | DIVISION OFFICE<br>Fort Worth | NAME OF JUDGE<br>Edward L. Morris |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ Eric J. Millner* | | |
| DATE<br>4/20/2026 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Eric J. Millner | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CHAPTER 7 CASE** |
| | § | |
| **ERIC TODD LITTLE and** | § | |
| **RHONDA MICHELLE LITTLE,** | § | **CASE NO. 26-40968-elm7** |
| Debtors | § | |
| | § | |
| | § | |
| **ARBO APARTMENT GROUP I,** | § | **ADVERSARY PROCEEDING** |
| **LLC,** | § | **No. _____** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **ERIC TODD LITTLE** | § | |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT TO DETERMINE DISCHARGEABILITY

NOW COMES ARBO Apartment Group I, LLC ("Plaintiff"), and files this its *Original Complaint to Determine Dischargeability* complaining of Eric Todd Little ("Little" or "Defendant"), and would show unto the Court the following:

### I.

### PARTIES

1.      Plaintiff ARBO Apartment Group I, LLC is a Florida limited liability company with its principal place of business at 783 South Orange Ave., Ste. 210, Sarasota, Florida  34236.

2.      Defendant Eric Todd Little is an individual residing in Tarrant County, Texas and may be served with citation personally at 8124 Sandhill Crane Drive, Fort Worth, TX 76118, or wherever else he may be found.

## II.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157 and 11 U.S.C. § 523.

4.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a) because Little is a Debtor in the above-referenced bankruptcy case (the "Bankruptcy Proceeding") pending in this District and Division.

## III.

## BACKGROUND FACTS

### A.      The Construction Agreement

6.      Plaintiff was the owner of certain real property located at 1961 Arapaho Road, Garland, Texas, 75044 which was developed into the "Northside at the Woodlands Apartments" (the "Woodlands")—a residential housing complex.

7.      Plaintiff hired Crimson Building Company, LLC ("Crimson") to serve in the role of General Contractor for the construction and development of the Woodlands residential housing complex (the "Project").  Plaintiff and Crimson entered into that certain *AIA A102-2017 Standard Form of Agreement Between Owner and Contractor* dated as of December 21, 2018 (the "Construction Agreement") between Plaintiff, as owner, and Crimson, as contractor, for the Project.

### B.      Misapplication and Theft of Funds by Crimson and Little

8.      Little is the Chief Executive Officer and President of Crimson.  Little owed a majority interest in Crimson at the time of all acts and omissions described herein.

9.     Following Plaintiff's receipt of Crimson's *Application and Certificate for Payment* number 20 on the Project signed by Little on August 26, 2020 (the "Application"), as well as the accompanying *Conditional Waiver and Release on Progress Payment* signed by Little on August 26, 2020 (the "Waiver"), Plaintiff paid Crimson the amount sought in the Application.   That payment included $566,759.82 for Crimson to pay several of Crimson's laborers, subcontractors, materialmen, and suppliers for work, materials, equipment, or services they provided on the Project in regard to the Application (the "Trust Funds").   Crimson and Little failed to use the Trust Funds for the intended purpose of paying in full such laborers, subcontractors, materialmen, and suppliers (the "Subcontractors") for all work, materials, equipment, or services provided on the Project in regard to the Application, but instead misapplied the Trust Funds for uses other than those permitted under the Texas Construction Trust Fund Act, Texas Property Code § 162.001, et seq.

10.     In order to induce Plaintiff to transfer the Trust Funds to Crimson, Crimson and Little represented to Plaintiff that Crimson had already paid or would use the Trust Funds to pay in full all of Crimson's laborers, subcontractors, materialmen, and suppliers for all work, materials, equipment, or services provided on the Project in regard to the Application.   These representations were made in both the Application and the Waiver that Little signed, making him personally liable for any loss or damage resulting from the false representations pursuant to Section 53.085(e) of the Texas Property Code, among other reasons.   Crimson and Little made these representations knowing such representations to be untrue, and Plaintiff relied on such representations in paying the Trust Funds to Crimson.

11.     Crimson and Little did not use the Trust Funds to pay actual expenses directly related to the construction or repair of the Project.

12. Crimson and Little did not retain any of the Trust Funds, after notice to any of the Subcontractors, as a result of Crimson's or Little's reasonable belief that any Subcontractor was not entitled to such funds or that the funds have been retained as authorized or required by Chapter 53 of the Texas Property Code.

13. The Trust Funds were not part of the contractor's fee payable to Crimson under the Construction Agreement.

14. After Crimson and Little misapplied the Trust Funds that were intended to be paid to the Subcontractors for work performed on the Project, Plaintiff with new funds paid the Subcontractors directly in an amount totaling $566,759.82 in order to obtain releases of the Subcontractors' mechanic's lien rights. Defendants have not reimbursed Plaintiff the Trust Funds that Crimson and Little misapplied for Crimson's and/or Little's uses other than those permitted under the Texas Construction Trust Fund Act.

15. Due to Crimson's breach of the Construction Agreement by the above-described actions, the Construction Agreement was terminated for cause on or about November 19, 2020.

### C. The Promissory Note

16. Crimson and Little have acknowledged their joint and several liability for the debt owed to Plaintiff in the principal sum of $566,759.82, for the Trust Funds they misapplied from the Project. Crimson and Little induced Plaintiff to forbear filing a lawsuit to pursue its claims against Crimson and Little by promising to execute, and perform under, a promissory note from Crimson and Little to Plaintiff evidencing Crimson's and Little's joint and several liability for the total sum of the Trust Funds. Thus, Crimson and Little executed a *Promissory Note* in favor of Plaintiff dated June 7, 2022, in the Original Principal Amount of $566,759.82 (the "Note"). The Note accrues interest at the base rate of 6% per annum.

17.     Pursuant to the terms of the Note, Crimson and Little were to make minimum monthly payments to Plaintiff in the sum of $15,000.00 or more, beginning June 15, 2022, and continuing through September 15, 2022; then, beginning October 15, 2022, the minimum monthly payments increased to $40,000.00 and were to continue to be paid on the 15th of each subsequent month until the principal and all accrued interest is paid in full.  All payments on the Note are to be applied first to accrued interest and then to the unpaid principal balance.

18.     Crimson and Little made the first payment of $15,000.00 due under the Note on June 15, 2022, in accordance with the payment schedule but has failed to make any of the subsequent payments that have come due under the Note.

19.     On December 5, 2022, Plaintiff sent notice to Crimson and Little, in accordance with Paragraph 5 of the Note, stating that Crimson and Little had eight (8) days to make the unpaid payments that had come due for July 15, 2022, through November 15, 2022, otherwise they would be in default under the Note.

20.     By email from Little dated December 8, 2022, Crimson and Little requested an extension of time to pay the past-due amounts under the Note and represented to Plaintiff that Crimson and Little would make a payment of $15,000 on January 10, 2023, and catch up on the remaining installment payments due by February 10, 2023.  In reliance on those representations, and without waiving any of its rights, Plaintiff agreed to the requested extension of time for Crimson and Little to make the payments by January 10, 2023, and February 10, 2023.  However, Crimson and Little failed to make those payments or any other payments on the Note.

21.     Plaintiff, by and through its attorney, sent a letter to Crimson and Little on March 10, 2023, pursuant to Paragraph 5 of the Note, notifying Crimson and Little of their non-payment of the unpaid installments that had come due under the Note, demanding that those monthly

installment payments be paid within eight (8) days from the date of the letter, and notifying Crimson and Little of Plaintiff's intent to accelerate the Note if Crimson and Little failed to cure their non-payment of the past-due amounts within that time. Crimson and Little failed to cure their non-payment of the past-due amounts under the Note.

22.     On March 29, 2023, Plaintiff, through its counsel, notified Crimson and Little by letter that Plaintiff was accelerating the Note and declaring all unpaid principal and accrued unpaid interest on the Note due and payable immediately.  Plaintiff also made demand in the letter that Crimson and Little immediately pay to Plaintiff all principal and accrued interest on the Note.  Crimson and Little failed to pay the amounts due on the Note as demanded.

23.     Pursuant to Paragraph 3 of the Note, default interest has accrued and continues to accrue at the rate of 12% per annum.  Although requested, Crimson and Little failed and refused to pay the amounts owed to Plaintiff.

### D.     State Court Lawsuit and Default Judgment

24.     Plaintiff filed *Plaintiff's Original Petition* (the "State Court Petition") on May 2, 2023, against Crimson and Little in Cause No. 048-341991-23 (the "State Court Lawsuit") in the 48th District Court of Tarrant County, Texas (the "State Court").  A copy of the State Court Petition is attached hereto as Exhibit 1.  Plaintiff asserted claims against Crimson and Little, jointly and severally, for breach of contract under the Note, as well as for its claims underlying the Note for breach of the Construction Agreement, conversion, money had and received, violations of the Texas Trust Fund Act, and violations of the Texas Theft Liability Act.

25.     Crimson and Little were both duly served with process in the State Court Lawsuit but failed to appear or answer therein.  On June 4, 2023, the State Court entered a *Final Default Judgment* (the "Judgment") against Crimson and Little, jointly and severally, on Plaintiff's

claims for breach of contract, conversion, money had and received, violations of the Texas Trust Fund Act, and violations of the Texas Theft Liability Act. A copy of the Judgement is attached hereto as Exhibit 2. Little is jointly and severally liable to Plaintiff under the Judgment for the principal sum of Five Hundred Fifty-Two Thousand, Five Hundred Five and 15/100 Dollars ($552,505.15) for actual damages; attorneys' fees and costs incurred in the State Court Lawsuit in the amount of Nine Thousand, Five Hundred Seventy-Four and 35/100 Dollars ($9,574.35); prejudgment interest in the amount of Thirty-Eight Thousand, Nine Hundred Sixty-Two and 98/100 Dollars ($38,962.98), and post-judgment interest thereon at the rate of twelve percent (12%) per annum, compounded annually (the "Judgment Debt"). Neither Crimson nor Little have paid the Judgment Debt, either in whole or in part.

**IV.**

**CAUSE OF ACTION TO DETERMINE DISCHARGEABILITY**

26.    Plaintiff expressly incorporates by reference the foregoing paragraphs, as if set forth fully herein.

***A.    The Judgment Debt is Non-Dischargeable under 11 U.S.C. § 523(a)(2)(A) as a Debt Obtained through False Pretenses, False Representations, or Fraud.***

27.    The Judgment Debt constitutes a debt of a kind specified in Section 523(a)(2)(A) of the Bankruptcy Code because it is for money obtained through false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

28.    Little and Crimson knowingly made false representations regarding material facts with the intent to induce Plaintiff to rely upon such false representations. Little and Crimson represented to Plaintiff that Crimson had already paid or would use the Trust Funds to pay in full the Subcontractors for all work, materials, equipment, or services provided on the Project in

regard to the Application.

29.     Little and Crimson made the representations knowing them to be untrue at the time they were made.  Little and Crimson had not paid and did not intend to use the Trust Funds to pay in full the Subcontractors for all work, materials, equipment, or services provided on the Project in regard to the Application at the time such representations were made.

30.     Little and Crimson made the representations in order to obtain payment of the Trust Funds from Plaintiff.

31.     Plaintiff relied on such representations in paying the Trust Funds to Crimson. Platiniff would not have paid the Trust Funds to Crimson if not for Little's and Crimson's false representations.

32.     As a proximate result of such false representations, Plaintiff has incurred actual damages.

33.     Plaintiff requests that the Court determine that the Judgment Debt, including all actual damages, attorneys' fees, costs, prejudgment interest, and post-judgment interest awarded in the Judgment, is non-dischargeable pursuant to section 523(a)(2)(A) of the Bankruptcy Code and is not released or affected by any order of discharge entered by the Court in the Bankruptcy Proceeding.

**B.     *The Judgment Debt is Non-Dischargeable under 11 U.S.C. § 523(a)(4) as a Debt for Fraud or Defalcation While Acting in a Fiduciary Capacity and/or Embezzlement.***

*1.     Fraud or Defalcation While Acting in a Fiduciary Capacity.*

34.     The Judgment Debt constitutes a debt of a kind specified in Section 523(a)(4) of the Bankruptcy Code because it is for fraud or defalcation while acting in a fiduciary capacity.

35.     Little and Crimson were both acting in a fiduciary capacity in receiving the Trust

Funds paid by Plaintiff on the Project pursuant to the Texas Trust Fund Statute, Texas Property Code § 162.001 et seq.

36.     Little and Crimson retained and/or diverted the Trust Funds paid by Plaintiff without first fully paying all current or past due obligations incurred by them to the beneficiaries of the trust funds (the Subcontractors), in violation of the Texas Trust Fund Statute.

37.     Little and Crimson obtained the Trust Funds from Plaintiff through false representations that Crimson had already paid or would use the Trust Funds to pay in full the Subcontractors for all work, materials, equipment, or services provided on the Project in regard to the Application.  Little and Crimson had not paid and did not intend to use the Trust Funds to pay in full the Subcontractors for all work, materials, equipment, or services provided on the Project in regard to the Application at the time they made such representations.  Little and Crimson intended that Plaintiff rely on these representations by making and/or authorizing payment to Crimson.

38.     Little and Crimson then misappropriated and misapplied the Trust Funds paid for their own purposes and benefit rather than for the benefit of Plaintiff and other beneficiaries of the funds under the Texas Trust Fund Statute.

39.     Little and Crimson did not use the Trust Funds to pay in full all of Crimson's Subcontractors for all work, materials, equipment, or services provided on the Project in regard to the payment request to which the Trust Funds related.

40.     Little and Crimson had no affirmative defenses to their liability to Plaintiff under the Texas Trust Fund Statute.

41.     Little and Crimson intentionally, knowingly, and with intent to defraud misappropriated and misapplied the Trust Funds.

42.     Little and Crimson knew that their conduct in misappropriating and misapplying the Trust Funds violated the fiduciary duties they owed to Plaintiff.

43.     Pleading in the alternative, if same be necessary, Little and Crimson consciously disregarded a substantial and unjustifiable risk that their conduct in misappropriating and misapplying the Trust Funds would violate the fiduciary duties they owed to Plaintiff.

44.     Plaintiff has been damaged as a result of Little's and Crimson's actions described herein.

### 2.     *Embezzlement.*

45.     The Judgment Debt constitutes a debt of a kind specified in Section 523(a)(4) of the Bankruptcy Code because it is a debt for embezzlement.

46.     Through their false representations in requesting payment, Little and Crimson appropriated the Trust Funds, which belonged to Plaintiff and that had been entrusted to Little and Crimson.

47.     The Trust Funds were appropriated for Little's and Crimson's own use and benefit.

48.     Little and Crimson appropriated the Trust Funds with fraudulent intent to deceive and induce Plaintiff to transfer, alter, or terminate a right with respect to the Trust Funds.  Little and Crimson exercised control over the Trust Funds with the intent to deprive Plaintiff of its use of the Trust Funds.

49.     Further, Little's and Crimson's actions constituted the unlawful appropriation of Plaintiff's monies and personal property with intent to deprive the Plaintiff of such monies and property in violation of the Texas Theft Liability Act, Texas Civil Practices & Remedies Code § 134.001 et seq., the Texas Penal Code § 31.03, as incorporated by the Texas Theft Liability Act.

50.     Plaintiff has been damaged as a result of Little's and Crimson's actions described herein.

51.     Plaintiff requests that the Court determine that the Judgment Debt, including all actual damages, attorneys' fees, costs, prejudgment interest, and post-judgment interest awarded in the Judgment, is non-dischargeable pursuant to section 523(a)(4) of the Bankruptcy Code and is not released or affected by any order of discharge entered by the Court in the Bankruptcy Proceeding.

### C.     *The Judgment Debt is Non-Dischargeable under 11 U.S.C. § 523(a)(6) as a Debt for Willful and Malicious Injury.*

52.     The Judgment Debt constitutes a debt of a kind specified in Section 523(a)(6) of the Bankruptcy Code because it is for willful and malicious injury by Little to Plaintiff or its property.   These acts constituting willful and malicious injury include but are not necessarily limited to the following:

a.     Little and Crimson converted Plaintiff's assets, including but not necessarily limited to funds paid to Crimson that were not used to pay for construction of improvements on the Project but were misappropriated for their purposes benefitting Little.

b.     Little and Crimson have further acted fraudulently and maliciously by failing and/or refusing to pay Plaintiff the money they received from or on account of Plaintiff that was not used to pay for the construction of the improvements on the Project.

c.     Little and Crimson intentionally, knowingly, and/or with the intent to defraud retained or diverted the Trust Funds without first fully paying all current or past due obligations incurred by the trustee to the beneficiaries of the Trust Funds.

d.     Little and Crimson unlawfully appropriated, secured, or stole funds obtained from Plaintiff by the use of deception.   Little and Crimson induced Plaintiff to tender or cause funds to be tendered to Crimson by representing falsely that Crimson had already paid or would use the Trust Funds to pay in full the Subcontractors for all work, materials, equipment, or services provided on the Project in regard to the Application.   Little and Crimson took such actions with the intent to deprive Plaintiff of exclusive

possession of the Trust Funds.

53.     Little's and Crimson's actions described above were objectively and substantially certain to cause harm to Plaintiff and/or were intended to deprive Plaintiff of its assets.  Plaintiff has, in fact, been injured by such actions.

54.     Plaintiff requests that the Court determine that the Judgment Debt, including all actual damages, attorneys' fees, costs, prejudgment interest, and post-judgment interest awarded in the Judgment, is non-dischargeable pursuant to section 523(a)(6) of the Bankruptcy Code and is not released or affected by any order of discharge entered by the Court in the Bankruptcy Proceeding.

## V.

## CONDITIONS PRECEDENT

55.     All conditions precedent to Plaintiff's causes of action asserted herein have occurred or been waived.

## VI.

## RIGHT TO AMEND AND/OR SUPPLEMENT

56.     In accordance with the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure, Plaintiff reserves the right to amend and/or supplement its pleadings.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that, upon final hearing hereof, Plaintiff have and recover judgment against Defendant, jointly and severally, and that the Court award Plaintiff the following relief:

        a.  A determination that the Judgment Debt is nondischargeable pursuant to section 523(a)(2)(A), (4), and/or (6) of the Bankruptcy Code and is not released or affected by any order of discharge entered by the Court in the Bankruptcy Proceeding; and

b. Such other and further relief to which Plaintiff may show itself to be justly entitled, whether at law or in equity.

Respectfully submitted,

*/s/ Eric J. Millner*
WILLIAM R. (BUTCH) KORB
State Bar No. 11681350
bkorb@bwwlaw.com
ERIC J. MILLNER
State Bar No. 24041493
emillner@bwwlaw.com
BOURLAND, WALL & WENZEL, P.C.
301 Commerce Street, Suite 2500
Fort Worth, Texas  76102-4125
Telephone:  817-877-1088
Telecopier:  817-877-1636

ATTORNEYS FOR PLAINTIFF

FILED
TARRANT COUNTY
5/2/2023 11:28 AM
THOMAS A. WILDER
DISTRICT CLERK

048-341991-23

## CAUSE NO. _____

| | | |
|---|---|---|
| ARBO APARTMENT GROUP I, LLC, | § § § | IN THE DISTRICT COURT |
| *Plaintiff,* | § § | |
| v. | § § | _____ JUDICIAL DISTRICT |
| CRIMSON BUILDING COMPANY, LLC, and ERIC TODD LITTLE | § § § | |
| *Defendants.* | § | TARRANT COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

NOW COMES ARBO Apartment Group I, LLC ("Plaintiff"), and files this its *Original Petition* complaining of Crimson Building Company, LLC ("Crimson") and Eric Todd Little ("Little") (collectively, the "Defendants"), and would show unto the Court the following:

### I.

### DISCOVERY CONTROL PLAN

1.      Plaintiff intends that discovery be conducted under a Level 3 discovery control plan.

### II.

### PARTIES

2.      Plaintiff ARBO Apartment Group I, LLC is a Florida limited liability company with its principal place of business at 783 South Orange Ave., Ste. 210, Sarasota, Florida 34236.

3.      Defendant Crimson Building Company, LLC is a Texas limited liability company that may be served with citation by serving its registered agent, Eric Todd Little, at 8721 Airport Freeway, Suite 100, North Richland Hills, Texas 76180, or wherever else he may be found.

PLAINTIFF'S ORIGINAL PETITION                                                                PAGE 1
494522.3

**Exhibit 1**

4.      Defendant Eric Todd Little is an individual residing in Tarrant County, Texas and may be served with citation personally at 8124 Sandhill Crane Drive, Fort Worth, TX 76118, or at 1705 Forest Ridge Drive, Bedford, Texas 76022, or wherever else he may be found.

## III.

## <u>VENUE AND JURISDICTION</u>

5.      Venue for this proceeding is proper in Tarrant County, Texas pursuant to Section 15.002(a) of the Texas Civil Practice and Remedies Code because Tarrant County is the county of Defendant Crimson's principal office in Texas and the county of Defendant Little's residence.

6.      This Court has jurisdiction over the parties hereto and the subject matter of this lawsuit and may award the relief requested, which is within the jurisdictional limits of this Court. Pursuant to Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.

## IV.

## <u>BACKGROUND FACTS</u>

7.      Plaintiff was the owner of certain real property located at 1961 Arapaho Road, Garland, Texas, 75044 which was developed into the "Northside at the Woodlands Apartments" (the "<u>Woodlands</u>")—a residential housing complex.

8.      Plaintiff hired Crimson to serve in the role of General Contractor for the construction and development of the Woodlands residential housing complex (the "<u>Project</u>"). Plaintiff and Crimson entered into that certain *AIA A102-2017 Standard Form of Agreement Between Owner and Contractor* dated as of December 21, 2018 (the "<u>Construction Agreement</u>") between Plaintiff, as owner, and Crimson, as contractor, for the Project.

**Exhibit 1**

9.      Little is the Chief Executive Officer and President of Crimson, and pursuant to the Construction Agreement, Plaintiff transferred funds to Crimson in the amount of $566,759.82 for Crimson to pay several subcontractors for work the subcontractors performed on the Project, following an application and certificate for payment (the "Trust Funds"), and Defendants failed to use the Trust Funds for the intended purpose of paying the subcontractors for the work the subcontractors performed on the Project, but instead misapplied the Trust Funds for uses other than those permitted under the Texas Construction Trust Fund Act, Texas Property Code Section 162.001, et seq.

10.      In order to induce Plaintiff to transfer the Trust Funds to Crimson, Defendants represented to Plaintiff that Crimson had already paid or would use the Trust Funds to pay in full all of Crimson's laborers, subcontractors, materialmen, and suppliers for all work, materials, equipment, or services provided on the Project in regard to the payment request to which the Trust Funds related knowing such representation to be untrue, and Plaintiff relied on such representation in paying the Trust Funds to Crimson.

11.      After Defendants misapplied the Trust Funds that were intended to be paid to the subcontractors for work performed on the Project, Plaintiff with new funds paid the subcontractors directly in an amount totaling $566,759.82 in order to obtain releases of the subcontractors' mechanic's lien rights.   Defendants have not reimbursed Plaintiff the Trust Funds that Defendants misapplied for Crimson's and/or Little's uses other than those permitted under the Texas Construction Trust Fund Act.

12.      Due to Crimson's breach of the Construction Agreement, the Construction Agreement was terminated for cause on or about November 19, 2020.

**Exhibit 1**

13.     Defendants have acknowledged their joint and several liability for the debt owed to Plaintiff in the principal sum of $566,759.82, that Defendants misapplied from the Project. Defendants induced Plaintiff to forbear filing a lawsuit to pursue its claims against Defendants by promising to execute, and perform under, a promissory note from Defendants to Plaintiff evidencing Defendants' joint and several liability for the total sum of the Trust Funds.  Thus, Defendants executed a *Promissory Note* in favor of Plaintiff dated June 7, 2022 in the Original Principal Amount of $566,759.82 (the "Note").  The note accrues interest at the base rate of 6% per annum.  A copy of the Note is attached hereto and incorporated herein as Exhibit A.

14.     Pursuant to the terms of the Note, Defendants were to make minimum monthly payments to Plaintiff in the sum of $15,000.00 or more, beginning June 15, 2022, and continuing through September 15, 2022; then, beginning October 15, 2022, the minimum monthly payments increased to $40,000.00 and were to continue to be paid on the 15th of each subsequent month until the principal and all accrued interest is paid in full.  All payments on the Note are to be applied first to accrued interest and then to the unpaid principal balance.

15.     Defendants made the first payment of $15,000.00 due under the Note on June 15, 2022 in accordance with the payment schedule but have failed to make any of the subsequent payments that have come due under the Note.

16.     On December 5, 2022, Plaintiff sent notice to Defendants, in accordance with Paragraph 5 of the Note, stating that Defendant had eight (8) days to make the unpaid payments that had come due for July 15, 2022 through November 15, 2022, otherwise Defendant would be in default under the Note.  A copy of the December 5, 2022 notice letter is attached hereto and incorporated herein as Exhibit B.

**Exhibit 1**

17.     By email from Little dated December 8, 2022, Defendants requested an extension of time to pay the past-due amounts under the Note and represented to Plaintiff that Defendants would make a payment of $15,000 on January 10, 2023 and catch up on the remaining installment payments due by February 10, 2023.  In reliance on those representations, and without waiving any of its rights, Plaintiff agreed to the requested extension of time for Defendants to make the payments by January 10, 2023 and February 10, 2023.  However, Defendants failed to make those payments or any other payments on the Note.

18.     Plaintiff, by and through its attorney, sent a letter to Defendants on March 10, 2023, pursuant Paragraph 5 of the Note, notifying Defendants of their non-payment of the unpaid installments that had come due under the Note, demanding that those monthly installment payments be paid within eight (8) days from the date of the letter, and notifying Defendants of Plaintiff's intent to accelerate the Note if Defendants failed to cure their non-payment of the past-due amounts within that time. A copy of Plaintiff's March 10, 2023 notice is attached hereto and incorporated by reference herein as Exhibit C. Defendants failed to cure their non-payment of the past-due amounts under the Note.

19.     On March 29, 2023, Plaintiff, through its counsel, notified Defendants by letter that Plaintiff was accelerating the Note and declaring all unpaid principal and accrued unpaid interest on the Note due and payable immediately.  Plaintiff also made demand in the letter that Defendants immediately pay to Plaintiff all principal and accrued interest on the Note.  A copy of the March 29, 2023 letter is attached hereto and incorporated herein as Exhibit D.  Defendants have failed to pay the amounts due on the Note as demanded.

20.     Pursuant to Paragraph 3 of the Note, default interest has accrued and continues to accrue at the rate of 12% per annum, and Plaintiff is entitled to recover the outstanding amount

**Exhibit 1**

owed as well as all interest, including default interest owed pursuant to the Note.  Although requested, Defendants have failed, refused, and still refuse to pay the amounts owed to Plaintiff.

**V.**

**BREACH OF CONTRACT – PROMISSORY NOTE**

21.     Plaintiff expressly incorporates by reference the foregoing paragraphs, as if set forth fully herein.

22.     Defendants and Plaintiff entered into a valid, enforceable contract in the form of the Note payable by Defendants to Plaintiff.  Plaintiff has performed its obligations under the Note.

23.     Defendants have breached the contract by defaulting on the payment of the Note. Defendants continue to breach the contract by failing and refusing to pay the amount owed to Plaintiff under the Note. Plaintiff has been damaged as a result of Defendants' breach of the Note, and Defendants' breach is the proximate cause of Plaintiff's damages.

24.     Based on the foregoing, Plaintiff is entitled to recover from Defendants all damages caused by Defendants' breach of the Note.

**VI.**

**BREACH OF CONTRACT – CONSTRUCTION AGREEMENT**

25.     Plaintiff expressly incorporates by reference the foregoing paragraphs, as if set forth fully herein.

26.     Pleading in the alternative, if same be necessary, Plaintiff would show that Crimson's acts as described above constitute a breach of the Construction Agreement, entitling Plaintiff to recover damages therefore.

**Exhibit 1**

27.     Although Plaintiff fully performed its obligations to Crimson under the Construction Agreement, Crimson failed to abide by and perform in accordance with the terms of the Construction Agreement, thereby breaching the Construction Agreement.  Crimson has failed and refused, and still refuses, to remedy said breach.

28.     Crimson's breach of the Construction Agreement is the proximate cause of damages suffered by Plaintiff.  Plaintiff is entitled to the recovery from Crimson of Plaintiff's damages caused by such breach.

## VII.

## CONVERSION

29.     Plaintiff expressly incorporates by reference the foregoing paragraphs, as if set forth fully herein.

30.     Pleading in the alternative, if same be necessary, the actions of Defendants as set forth herein constitute conversion of Plaintiff's assets, including but not necessarily limited to the Trust Funds paid to Crimson that were not used to pay for construction of improvements on the Project and were misappropriated by Defendants.  Such conversion has caused Plaintiff to suffer economic damages.

31.     Defendants have further acted fraudulently, maliciously, and/or with gross negligence by converting the Trust Funds paid to Crimson that were not used to pay for construction of improvements on the Project and were misappropriated by Defendants.  Thus, Plaintiff is entitled to an award of exemplary damages.

**Exhibit 1**

## VIII.

## MONEY HAD AND RECEIVED

32.   Plaintiff expressly incorporates by reference the foregoing paragraphs, as if set forth fully herein.

33.   Pleading in the alternative, if same be necessary, Plaintiff would show that Little and Crimson have received money paid by Plaintiff that was not used to pay for the construction of the improvements on the Project totaling at least $566,759.82 and continue to hold such funds. In equity and good conscience, those funds belong to Plaintiff and should be paid to Plaintiff. Little and/or Crimson will be unjustly enriched in the amount of at least $566,759.82 if allowed to retain the money rightfully belonging to Plaintiff.  Thus, the actions of Little and Crimson as set forth herein constitute money had and received resulting in damages suffered by Plaintiff. Plaintiff is entitled to recover actual damages from Defendants resulting from Defendants' failure to return those funds to Plaintiff.

34.   Little and Crimson have further acted fraudulently, maliciously, and/or with gross negligence by failing and/or refusing to pay Plaintiff the money Crimson received from that was not used to pay for the construction of the improvements on the Project.  Thus, Plaintiff is entitled to an award of exemplary damages.

## IX.

## VIOLATIONS OF THE TEXAS TRUST FUND ACT

35.   Plaintiff expressly incorporates by reference the foregoing paragraphs, as if set forth fully herein.

**Exhibit 1**

36.     Pleading in the alternative, if same be necessary, Plaintiff would show that Defendants' actions as set forth herein constitute a violation of the Texas Trust Fund Statute, Texas Property Code § 162.001 et seq.

37.     Defendants acted as trustees—as that term is defined in Texas Property Code § 162.002—of payments made to Crimson as a contractor on a construction contract for the improvement of specific real property in the State of Texas.  Plaintiff is a beneficiary of the Trust Funds paid to Crimson pursuant to Texas Property Code § 162.003(b) because such funds were paid in connection with a residential construction contract and Plaintiff was the owner of the specific real property to be improved under said contract.

38.     Defendants intentionally, knowingly, and/or with the intent to defraud retained or diverted trust funds without first fully paying all current or past due obligations incurred by the trustee to the beneficiaries of the trust funds.

39.     Plaintiff has been damaged by the misapplication of trust funds in at least the amount that was paid to Crimson but that Crimson failed to pay to its subcontractors and suppliers on account of labor or materials they supplied for the Woodlands project.

## X.

## **TEXAS THEFT LIABILITY ACT**

40.     Plaintiff expressly incorporates by reference the foregoing paragraphs, as if set forth fully herein.

41.     Pleading in the alternative, if same be necessary, Plaintiff would show that Defendants' actions constitute violations of the Texas Theft Liability Act, Texas Civil Practice & Remedies Code § 134.001 et seq.  Defendants unlawfully appropriated, secured, or stole funds obtained from Plaintiff by the use of deception.  Defendants induced Plaintiff to tender or cause

**Exhibit 1**

funds to be tendered to Crimson by representing that such funds were to be used for the construction of improvements on the Project when, in fact, such funds were not used for that purpose.   Defendants took such actions with the intent to deprive Plaintiff of exclusive possession of such property in violation of Section 31.03 of the Texas Penal Code.

42.     Such unlawful appropriation has caused Plaintiff to suffer damages.

43.     Plaintiff seeks recovery of its actual damages arising from Defendants' theft.

44.     Furthermore, Plaintiff seeks an award of additional damages as provided by statute and reasonable and necessary attorneys' fees pursuant to Texas Civil Practice & Remedies Code Chapter 134.

## XI.

## CONDITIONS PRECEDENT

45.     Plaintiff has performed all conditions precedent to maintaining this action.

## XII.

## ATTORNEYS' FEES

46.     In accordance with Section 38.001, *et seq.*, of the Texas Civil Practice and Remedies Code, Plaintiff is entitled to recover from Defendants its reasonable attorneys' fees.   In this regard, Plaintiff would show that, because of Defendants' refusal to pay the amounts due, it became necessary to employ the services of the undersigned attorneys.   Although Plaintiff has presented its claims to Defendants, more than thirty (30) days have passed or will have passed by the time of trial and Defendants have not paid or tendered the amount due.

47.     Further, Plaintiff is entitled to recover from Defendants its court costs and reasonable attorneys' fees pursuant to Paragraph 14 of the Note.

**Exhibit 1**

48.    Pleading in the alternative, if same be necessary, in accordance with Chapter 134 of the Texas Civil Practice & Remedies Code, Plaintiff is entitled to court costs and reasonable attorneys' fees, as the Court determines equitable and just, in the Plaintiff's claim against Defendants under the Texas Theft Liability Act.

49.    Accordingly, Plaintiff is entitled to reasonable attorneys' fees through the trial of this cause; for additional or reasonable attorneys' fees in the event this case is appealed to a Texas court of appeals; attorneys' fees in the event petition for review is filed with the Texas Supreme Court; and for attorneys' fees in the event petition for review is granted by the Texas Supreme Court.

## XIII.

## INTEREST

50.    Plaintiff is entitled to collect prejudgment interest at the default interest rate provided in the Note of 12% per annum, or at the highest percentage rate permitted by law. Plaintiff is also entitled to post judgment interest at the highest rate permitted by law.

## XIV.

## RIGHT TO AMEND AND/OR SUPPLEMENT

51.    In accordance with the Texas Rules of Civil Procedure, Plaintiff reserves the right to amend and/or supplement its pleadings.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that, upon final hearing hereof, Plaintiff have and recover judgment against Defendants, jointly and severally, and that the Court award Plaintiff the following relief:

a.    Actual damages;

PLAINTIFF'S ORIGINAL PETITION                                                    PAGE 11
494522.3

**Exhibit 1**

b. Exemplary damages;

c. Additional damages pursuant to Texas Civil Practice & Remedies Code Chapter 134.

d. Prejudgment interest at the rate of 12% per annum, or as permitted by law, and post judgment interest as permitted by law;

e. Reasonable attorneys' fees;

f. Costs of court; and

g. Such other and further relief to which Plaintiff may show itself to be justly entitled, whether at law or in equity.

Respectfully submitted,


*/s/ William R. (Butch) Korb*
WILLIAM R. (BUTCH) KORB
State Bar No. 11681350
bkorb@bwwlaw.com
GRAIGORY B. FANCHER
State Bar No. 24052016
gfancher@bwwlaw.com
ERIC J. MILLNER
State Bar No. 24041493
emillner@bwwlaw.com
BOURLAND, WALL & WENZEL, P.C.
301 Commerce Street, Suite 2500
Fort Worth, Texas  76102-4125
Telephone:  817-877-1088
Telecopier:  817-877-1636

ATTORNEYS FOR PLAINTIFF

**Exhibit 1**

## PROMISSORY NOTE

Principal Amount: $566,759.82                                    Effective Date: June 7, 2022
                                                                               State of Texas

FOR VALUE RECEIVED, ERIC TODD LITTLE, individually, and CRIMSON BUILDING COMPANY, LLC, hereinafter referred to collectively as "Makers," hereby jointly and severally promise to pay to the order of ARBO APARTMENT GROUP I LLC, a Florida limited liability company, hereinafter referred to as "Payee," with its principal place of business in the State of Florida, at 783 South Orange Ave., Ste. 210, Sarasota, Florida 34236, or at such other address as Payee from time to time designates in writing, in lawful money of the United States of America and in immediately available funds, the principal sum of $566,759.82, together with interest thereon at the Base Rate as hereinafter provided below, in consideration for the damages set forth in the Settlement Agreement, pursuant to the terms of the Settlement Agreement, by and between Maker and Payee, dated of even date herewith.

1.     Payment. Principal and interest on this Note are due and payable as follows: Maker shall make minimum monthly payments to Payee in the sum of $15,000.00 or more, beginning June 15, 2022, and continuing through September 15, 2022; then, beginning October 15, 2022, the minimum monthly payments shall increase to $40,000.00 and continue to be paid on the 15th of each subsequent month until the principal and all accrued interest is paid in full. All payments will be applied first to accrued interest and then to the unpaid principal balance.

2.     Base Rate: 6% per annum, simple interest. All interest calculated under this Note will be computed based on the actual number of days elapsed in a year consisting of 365 days or 366 days (for a leap year), as applicable.

3.     Default Interest Rate. Upon the occurrence of an Event of Default (as hereinafter defined), the unpaid principal amount hereof will bear interest thereafter at a rate equal to the lesser of (i) the maximum rate of interest permitted by law, and (ii) twelve percent (12%) per annum until such Event of Default is cured.

4.     Representations and Warranties of Makers. Makers hereby represent and warrant that this Note has been duly and validly executed and delivered by Makers, and constitutes the legal, valid, and binding agreement of Makers enforceable against Makers in accordance with its terms.

5.     Events of Default; Acceleration. If any one or more of the following events or conditions occurs (each an "Event of Default"):

    (a)     Makers fail to pay Payee any payment when due hereunder and such failure continues for a period of eight (8) days after written notice from Payee to Makers; provided, however, Payee shall not be required to provide more than one (1) such notice in any six (6) month period and following one (1) notice in any six (6) month period the Event of Default shall be after eight (8) days from the due date of such payment;

    (b)     Makers fail to perform any obligation under the terms of this Note and/or Settlement Agreement, other than a payment obligation, and such failure continues for a period of fifteen (15) days after written notice from Payee to Makers;

**Exhibit A**

**Exhibit 1**

(c)     The insolvency, business failure, appointment of a receiver of any part of the property of Makers, assignment for the benefit of creditors by, the calling of a meeting of creditors of, or the commencement of any proceeding under any bankruptcy or insolvency law by or against, Makers;

(d)     Makers breach any of the representations and warranties of Makers contained in this Note; or

(e)     Crimson Building Company, LLC is dissolved, begins to wind up its affairs, is authorized to dissolve or wind up its affairs, or an event occurs requiring the dissolution or winding up of the affairs of Crimson Building Company, LLC;

then, at the option of Payee, the entire unpaid principal balance of this Note and all accrued, unpaid interest thereon will automatically become immediately due and payable, without presentment, demand, protest, notice of intent to accelerate, or other notice of any kind, all of which are hereby expressly waived to the extent permitted by law.

6.      Other Remedies.  If any Event of Default occurs, is continuing, and any applicable cure period has expired, Payee may proceed to protect and enforce Payee's rights under this Note, the Settlement Agreement, or any other instrument securing the payment or performance of this Note, whether by suit in equity or by action at law, or both, by suit for the specific performance of any covenant or agreement contained in this Note, or by any other legal proceeding to enforce the payment of all sums due upon this Note or the Settlement Agreement, or to enforce any other legal or equitable right of Payee.

7.      Prepayment.  Makers may, in any amount and at any time, prepay the indebtedness represented by this Note without the prior consent of Payee and without any penalty of any kind.

8.      Notices.  All notices, communications, and deliveries hereunder will be made in writing, signed by the person making the same and will be deemed given or made (a) on the date delivered, if delivered in person or by nationally-recognized overnight courier, or (b) on the date sent by e-mail if sent during normal business hours of the recipient, and on the next business day if sent after normal business hours of the recipient, as follows:

To Payee:       ARBO Apartment Group I LLC
                Attention: Angus Rogers
                783 South Orange Avenue, Ste. 210
                Sarasota, Florida 34236
                Email:  angus@floridays.net

To Makers:      Crimson Building Company, LLC and Eric Todd Little
                Attention: Eric Little
                1705 Forest Ridge Drive
                Bedford, Texas 76022
                Email: eric@crimsonbuilders.com

or to such other representative or at such other address as Makers and Payee may furnish to the other in writing.

9.      Remedies Cumulative/Waiver.  Each right, power, and remedy of Payee as provided for in this Note or now or hereafter existing under any applicable law is cumulative and concurrent and is in addition to every other right, power, or remedy provided for in this Note or now or hereafter existing under applicable law, and the exercise or beginning of exercise by Payee of any one or more of such rights, powers, or remedies will not preclude the simultaneous or later exercise by Payee of any and all

PROMISSORY NOTE                                                                                 Page 2
432990.8

**Exhibit A**

**Exhibit 1**

such other rights, powers, or remedies. No failure or delay by Payee to insist upon the strict performance of any term, condition, covenant, or agreement of this Note, or to exercise any right, power, or remedy consequent upon a breach hereof, constitutes a waiver of any such term, condition, covenant, agreement, or breach or precludes Payee from exercising any such right, power, or remedy at a later time or times. By accepting payment after the due date of any amount payable under the terms of this Note, Payee will not be deemed to waive the right to either require prompt payment when due of all other amounts payable under the terms of this Note, or to declare an Event of Default for the failure to effect such prompt payment of any such other amount.  No course of dealing or conduct will be effective to amend, modify, release, or change any provision of this Note.

10.     Severability.  If any provision of this Note (or any part of any provision) is held by a court of competent jurisdiction to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability will not affect any other provision (or the remaining part of the effective provision) of this Note, and this Note will be construed as if such invalid, illegal, or unenforceable provision or part thereof had not been contained in this Note, but only to the extent it is invalid, illegal, or unenforceable.

11.     Captions.  The captions herein set forth are for convenience only, and will not be deemed to define, limit, or describe the scope or intent of this Note.

12.     GOVERNING LAW.  THIS NOTE WILL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE SUBSTANTIVE LAWS OF THE STATE OF TEXAS, WITHOUT REGARD TO ITS CONFLICTS OF LAWS PROVISIONS.

13.     Usury.  It is the intent of the parties hereto not to violate any federal or state law, rule, or regulation pertaining either to usury or to the contracting for or charging or collecting of interest, and Makers and Payee agree that should any provision of this Note be deemed to violate any such law, rule, or regulation, then the excess of interest contracted for or charged or collected over the maximum lawful rate of interest will be applied to the unpaid principal balance hereof, or if the principal balance has been paid, returned to Makers.

14.     Collection Costs.  Time is of the essence on this Note.  Makers agree to pay all reasonable costs and expenses of collection of the indebtedness evidenced by this Note which, in the event that this Note, or any part thereof, is collected by or through an attorney-at-law, will include, but not be limited to, reasonable attorneys' fees and other legal and court costs.

15.     Counterparts.  This Note may be executed in counterparts, each of which is deemed an original, but all of which together are deemed to be one and the same Note. Signatures may be given by facsimile or electronic transmission and shall be deemed to have the same effect as if the original signature had been delivered.

**[THE REMAINDER OF THIS PAGE HAS BEEN INTENTIONALLY LEFT BLANK]**

**Exhibit A**

**Exhibit 1**

IN WITNESS WHEREOF, Makers and Payee executed this Note to be effective as of the Effective Date.

**PAYEE:**

06/14/2022
_____
(Date of Execution)

ARBO APARTMENT GROUP I LLC,
a Florida limited liability company

By: _____

Printed Name: Angus Rogers

Title: Manager

**MAKERS:**

6/14/2022
_____
(Date of Execution)

CRIMSON BUILDING COMPANY, LLC,
a Texas limited liability company

By: _____

Printed Name: Eric Little

Title: CEO

6/14/2022
_____
(Date of Execution)

_____
Eric Todd Little, Individually

**Exhibit A**

**Exhibit 1**



TRILBY K. ARGUBRIGHT
KAMI K. BEATY
EVAN M. BELL
MICHAEL V. BOURLAND
NATALIE S. BRACKETT
BETHANY L. BROOKS
AUSTIN L. CALDERA
STEPHANIE M. DALEY
LEVI M. DILLON
DAVID P. DUNNING
GRAIGORY B. FANCHER
DAVID J. GOODMAN
BRYON R. HAMMER
SADIE HARRISON-FINCHER
PHILLIP A. HECKER

WYNDHAM A. HUBBARD
LISA H. JAMIESON
WILLIAM R. KORB
MACKENZIE C. LUCE
W. MARC MCDONALD
ALICIA D. MEINZER
ERIC J. MILLNER
DARREN B. MOORE
JEFFREY N. MYERS
JAY B. NEWTON
JEREMY R. PRUETT
KENDALL K. RYMELL
MEGAN C. SANDERS
ALLISON M. SKEES
ELLE W. WHITAKER
DUSTIN G. WILLEY

## BOURLAND, WALL & WENZEL
### ──── P.C. ────
### ATTORNEYS AND COUNSELORS

301 COMMERCE STREET, SUITE 2500
FORT WORTH, TEXAS 76102-4125

(817) 877-1088 | FAX: (817) 877-1636

WWW.BWWLAW.COM

bkorb@bwwlaw.com

December 5, 2022

**VIA CMRRR NO. 9314 8699 0430 0102 0403 73,**
**VIA FIRST CLASS U.S. MAIL, AND**
**VIA EMAIL:  eric@crimsonbuilders.com**
Crimson Building Company, LLC and Eric Todd Little
Attention: Eric Little
1705 Forest Ridge Drive
Bedford, Texas 76022

Re:   Promissory Note by and Between ARBO APARTMENT GROUP I, LLC, as
      Lender, and Crimson Building Company, LLC and Eric Todd Little, individually,
      as Makers, in the Original Principal Amount of $566,759.82 dated June 7, 2022
      (the "Note")

Dear Mr. Little:

This law firm has been retained by ARBO APARTMENT GROUP I, LLC to collect the
amount owed on the Note.

### NOTICE OF DEFAULT AND INTENT TO ACCELERATE

You have failed to pay the monthly installment payments on the Note that were due on
July 15, 2022 through November 15, 2022.  This letter constitutes notice of default and intent to
accelerate the Note due to the failure to make those payments.

### DEMAND FOR PAYMENT

Demand is hereby made on you pursuant to the Note to pay the monthly installment
payments now due within eight (8) days from the date of this letter.

**Exhibit B**
**Exhibit 1**

Page 2 of 2
December 5, 2022

## DEBT COLLECTION AND RIGHT TO VERIFICATION

We are attempting to collect a debt. Unless, within thirty (30) days after receipt of this letter, you dispute the validity of the debt or any portion thereof, we will assume the debt is valid. If you dispute the validity of the debt within the thirty (30) day period, I will send you verification of the debt. If you request, I will provide you with the name and address of the original creditor, if different from my client, within thirty (30) days of your request. Please be aware that any information we obtain from you will be used for the purpose of collecting this debt.

If you have any questions regarding this matter, please contact me. Both ARBO APARTMENT GROUP I, LLC and I hope that it will not be necessary to pursue legal action with regard to this debt, and I look forward to receiving payment from you to cure the past due amount within eight (8) days of the date of this letter.

Sincerely,

BOURLAND, WALL & WENZEL, P.C.

William R. (Butch) Korb

WRK/eb
cc:  ARBO APARTMENT GROUP I, LLC
484036.1

**Exhibit B**
**Exhibit 1**



TRILBY K. ARGUBRIGHT
KAMI K. BEATY
EVAN M. BELL
MICHAEL V. BOURLAND
NATALIE S. BRACKETT
BETHANY L. BROOKS
AUSTIN L. CALDERA
STEPHANIE M. DALEY
LEVI M. DILLON
DAVID P. DUNNING
GRAIGORY B. FANCHER
DAVID J. GOODMAN
BRYON R. HAMMER
SADIE HARRISON-FINCHER
PHILLIP A. HECKER

WYNDHAM A. HUBBARD
LISA H. JAMIESON
WILLIAM R. KORB
MACKENZIE C. LUCE
W. MARC MCDONALD
ALICIA D. MEINZER
ERIC J. MILLNER
DARREN B. MOORE
JEFFREY N. MYERS
JAY B. NEWTON
JEREMY R. PRUETT
KENDALL K. RYMELL
MEGAN C. SANDERS
ALLISON M. SKEES
ELLE W. WHITAKER
DUSTIN G. WILLEY

**BOURLAND, WALL & WENZEL**
——— P.C. ———
ATTORNEYS AND COUNSELORS

301 COMMERCE STREET, SUITE 2500
FORT WORTH, TEXAS 76102-4125
(817) 877-1088 | FAX: (817) 877-1636
WWW.BWWLAW.COM

E-Mail: BKorb@bwwlaw.com

March 10, 2023

*VIA CMRRR NO. 9314 8699 0430 0105 3111 80*
*FIRST CLASS U.S. MAIL*
*& E-MAIL: eric@crimsonbuilders.com*
Crimson Building Company, LLC and Eric Todd Little
Attention: Eric Little
1705 Forest Ridge Drive
Bedford, Texas 76022

> Re:   Notice of Default, Demand for Payment, Notice of Intent to Accelerate, and Reservation of Rights and Remedies; *Promissory Note* by and Between ARBO APARTMENT GROUP I, LLC, as Lender, and Crimson Building Company, LLC and Eric Todd Little, individually, as Makers, in the Original Principal Amount of $566,759.82 dated June 7, 2022 (the "Note").

Dear Mr. Little:

This law firm represents ARBO APARTMENT GROUP I, LLC ("Lender"), and this letter is sent on behalf and at the request of Lender.   Reference is hereby made to the aforementioned Note executed by Crimson Building Company, LLC and Eric Todd Little, individually, (collectively, the "Makers") and payable to Lender in the original principal amount of $566,759.82, and all capitalized terms used but not defined herein shall have the meanings assigned to the corresponding terms in the Note.

#### NOTICE OF DEFAULT

Makers have failed to pay the monthly installment payments on the Note that were due on July 15, 2022 through February 15, 2022 (the "Non-Payment"). This letter constitutes notice to Makers that the aforementioned Non-Payment has occurred and is continuing as of the date hereof.

#### DEMAND FOR PAYMENT

Demand is hereby made on Makers pursuant to the Note to pay the monthly installment payments now due within eight (8) days from the date of this letter.

**Exhibit C**
**Exhibit 1**

Page 2
March 10, 2023

## NOTICE OF INTENT TO ACCELERATE

Makers are hereby notified that if Makers fail to cure the Non-Payment by paying all past due installment payments **within eight (8) days following the date of this notice**, Lender, in accordance with the Note, will accelerate the unpaid balance of the Note and declare such unpaid balance to be immediately due and payable, together with any accrued but unpaid interest and all fees, charges, and expenses, as allowed by law.

In addition to and without limiting any remedy available to Lender either at law or in equity, if the Note is not paid in full within the time period indicated above, Lender may, at its option, pursue all of its rights and remedies available to it pursuant to the Note, including, but not limited to, filing a lawsuit against the Makers seeking the recovery of all sums owed to Lender, including, but not limited to, Lender's reasonable attorney's fees and court and other costs incurred in connection with the collection of this debt.

Defaults in addition to the Non-Payment may be continuing as of the date of this letter and the exclusion of such defaults from this letter shall not constitute a waiver of any term, provision, or requirement of the Note. Neither the Non-Payment nor any other default will be waived or deemed cured until such cure or waiver has been reduced to a writing and executed by Lender. Nothing contained in this letter is intended to waive any default or event of default, waive any rights, remedies, or recourses available to Lender, or be an election of remedies resulting from any default that may exist with respect to the loan documents.

Lender hereby expressly reserves all of the rights, powers, privileges, and remedies available to it under the Note, at law, in equity, or otherwise, notwithstanding any failure by Lender to exercise any or all of them at this time or any other time. Makers are hereby notified that: (i) Lender has not waived and does not waive its right to enforce the terms of the Note strictly in accordance with its terms or Lender's rights, privileges, and remedies under applicable law; and (ii) the Note and Makers' obligation to comply strictly with the terms thereof, are not altered in any way.

Lender further reserves all rights to pursue any and all other claims, remedies, or recourses it may have against either of the Makers, including but not limited to any and all claims that underly and led to the execution of the Note.

## DEBT COLLECTION AND RIGHT TO VERIFICATION

In accordance with applicable federal and state laws regarding fair debt collections, if, within thirty (30) days after receipt of this letter, you dispute the validity of the debt or any portion thereof, we will assume the debt is valid. If you dispute the validity of the debt within the thirty (30) day period, I will send you verification of the debt. If you request, I will provide you with the name and address of the original creditor, if different from my client, within thirty (30) days of your request. This thirty-day period does not alter, waive, or affect any deadline for payment set forth herein.  Please be aware that any information we obtain from you will be used for the purpose of collecting this debt.

If any party who receives this letter is a debtor in a bankruptcy proceeding subject to the provisions of the United States Bankruptcy Code (Title 11 of the United States Code) ("Code"), this letter is merely intended to be written notice that formal demand has been made in compliance

**Exhibit C**
**Exhibit 1**

Page 3

March 10, 2023

with the loan documents and applicable law. In such event, this letter is not an act to collect, assess or recover a claim against that party, nor is this letter intended to violate any provisions of the Code. Any and all claims that Lender asserts against that party will be properly asserted in compliance with the Code in the bankruptcy proceeding. In addition, all of Lender's claims, demands, and accruals regarding the Note, whenever made, and whether for principal, interest, or otherwise, are intended to comply in all respects, both independently and collectively, with all applicable usury laws, and are accordingly limited so that all applicable usury laws are not violated.

If you have any questions regarding this matter, please contact me.  Both Lender and I hope that it will not be necessary to pursue legal action with regard to this debt, and I look forward to receiving payment from you to cure the past due amount within eight (8) days of the date of this letter.

Sincerely,

BOURLAND, WALL & WENZEL, P.C.

William R. (Butch) Korb

WRK/EJM/eg/491176

cc:    ARBO APARTMENT GROUP I, LLC          *Via E- Mail*

**Exhibit C**
**Exhibit 1**



TRILBY K. ARGUBRIGHT
KAMI K. BEATY
EVAN M. BELL
MICHAEL V. BOURLAND
NATALIE S. BRACKETT
BETHANY L. BROOKS
AUSTIN L. CALDERA
STEPHANIE M. DALEY
LEVI M. DILLON
DAVID P. DUNNING
GRAIGORY B. FANCHER
DAVID J. GOODMAN
BRYON R. HAMMER
SADIE HARRISON-FINCHER
PHILLIP A. HECKER

WYNDHAM A. HUBBARD
LISA H. JAMIESON
WILLIAM R. KORB
MACKENZIE C. LUCE
W. MARC MCDONALD
ALICIA D. MEINZER
ERIC J. MILLNER
DARREN B. MOORE
JEFFREY N. MYERS
JAY B. NEWTON
JEREMY R. PRUETT
KENDALL K. RYMELL
MEGAN C. SANDERS
ALLISON M. SKEES
ELLE W. WHITAKER
DUSTIN G. WILLEY

**BOURLAND, WALL & WENZEL**
P.C.
ATTORNEYS AND COUNSELORS

301 COMMERCE STREET, SUITE 2500
FORT WORTH, TEXAS 76102-4125

(817) 877-1088  |  FAX: (817) 877-1636

WWW.BWWLAW.COM

bkorb@bwwlaw.com

March 29, 2023

**VIA CMRRR NO. 9314 8699 0430 0105 9994 70,**
**VIA FIRST CLASS U.S. MAIL, AND**
**VIA EMAIL:  eric@crimsonbuilders.com**
Crimson Building Company, LLC and Eric Todd Little
Attention: Eric Little
1705 Forest Ridge Drive
Bedford, Texas 76022

Re:   Notice of Acceleration and Demand for Payment; *Promissory Note* by and Between ARBO APARTMENT GROUP I, LLC, as Lender, and Crimson Building Company, LLC and Eric Todd Little, individually, as Makers, in the Original Principal Amount of $566,759.82 dated June 7, 2022 (the "Note")

Dear Mr. Little:

This law firm represents ARBO APARTMENT GROUP I, LLC ("Lender"), and this letter is sent on behalf and at the request of Lender.   Reference is hereby made to the aforementioned Note executed by Crimson Building Company, LLC and Eric Todd Little, individually, (collectively, the "Makers") and payable to Lender in the original principal amount of $566,759.82, and all capitalized terms used but not defined herein shall have the meanings assigned to the corresponding terms in the Note.

**NOTICE OF ACCELERATION**

By letter from the undersigned dated March 10, 2023 (the "March 10 Notice"), Makers were notified of multiple breaches of the Note due to Makers' failure to pay the monthly installment payments on the Note that were due on July 15, 2022 through February 15, 2023. Despite Lender's notice of default and notice of intent to accelerate in the March 10 Notice, Makers failed to cure their non-payment of those monthly installment payments.  Makers have also failed to make the monthly installment payment on the Note that was due on March 15, 2023, and no further notice was required by Lender with respect to the non-payment of that installment pursuant to Paragraph 5(a) of the Note.  Makers' failure to pay the monthly installment payments that have come due on the Note (the "Breaches") constitutes an Event of Default pursuant to Paragraph 5 of the Note.  **Lender hereby accelerates the Note and declares all unpaid principal and accrued unpaid interest on the Note due and payable immediately.**

**Exhibit D**
**Exhibit 1**

Page 2
March 29, 2023

## **DEMAND FOR PAYMENT**

Lender hereby demands that Makers immediately pay to Lender all principal and accrued interest on the Note.

In addition to and without limiting any remedy available to Lender either at law or in equity, if the Note is not paid in full within the time period indicated above, Lender may, at its option, pursue all of its rights and remedies available to it pursuant to the Note, including, but not limited to, filing a lawsuit against the Makers seeking the recovery of all sums owed to Lender, including, but not limited to, Lender's reasonable attorney's fees and court and other costs incurred in connection with the collection of this debt.

Defaults in addition to the Event of Default may be continuing as of the date of this letter and the exclusion of such defaults from this letter shall not constitute a waiver of any term, provision, or requirement of the Note. Neither the Event of Default nor any other default will be waived or deemed cured until such cure or waiver has been reduced to a writing and executed by Lender. Nothing contained in this letter is intended to waive any default or event of default, waive any rights, remedies, or recourses available to Lender, or be an election of remedies resulting from any default that may exist with respect to the loan documents.

Lender hereby expressly reserves all of the rights, powers, privileges, and remedies available to it under the Note, at law, in equity, or otherwise, notwithstanding any failure by Lender to exercise any or all of them at this time or any other time. Makers are hereby notified that: (i) Lender has not waived and does not waive its right to enforce the terms of the Note strictly in accordance with its terms or Lender's rights, privileges, and remedies under applicable law; and (ii) the Note and Makers' obligation to comply strictly with the terms thereof, are not altered in any way.

Lender further reserves all rights to pursue any and all other claims, remedies, or recourses it may have against either of the Makers, including but not limited to any and all claims that underly and led to the execution of the Note.

## **DEBT COLLECTION AND RIGHT TO VERIFICATION**

In accordance with applicable federal and state laws regarding fair debt collections, if, within thirty (30) days after receipt of this letter, you dispute the validity of the debt or any portion thereof, we will assume the debt is valid. If you dispute the validity of the debt within the thirty (30) day period, I will send you verification of the debt. If you request, I will provide you with the name and address of the original creditor, if different from my client, within thirty (30) days of your request. This thirty-day period does not alter, waive, or affect any deadline for payment set forth herein.  Please be aware that any information we obtain from you will be used for the purpose of collecting this debt.

If any party who receives this letter is a debtor in a bankruptcy proceeding subject to the provisions of the United States Bankruptcy Code (Title 11 of the United States Code) ("Code"), this letter is merely intended to be written notice that formal demand has been made in compliance with the loan documents and applicable law. In such event, this letter is not an act to collect, assess or recover a claim against that party, nor is this letter intended to violate any provisions of the

**Exhibit D**

**Exhibit 1**

Page 3
March 29, 2023

Code. Any and all claims that Lender asserts against that party will be properly asserted in compliance with the Code in the bankruptcy proceeding. In addition, all of Lender's claims, demands, and accruals regarding the Note, whenever made, and whether for principal, interest, or otherwise, are intended to comply in all respects, both independently and collectively, with all applicable usury laws, and are accordingly limited so that all applicable usury laws are not violated.

If you have any questions regarding this matter, please contact me.  Both the Lender and I hope that it will not be necessary to pursue legal action with regard to this debt.  However, if the Lender has not received payment in full of all principal and accrued interest on the Note within eight (8) days following the date of this letter, we will have to assume that it will be necessary to file a lawsuit against the Makers to recover the amounts owed.

Sincerely,

BOURLAND, WALL & WENZEL, P.C.

William R. (Butch) Korb

EJM/490768.2

cc:    ARBO APARTMENT GROUP I, LLC          *Via E- Mail*

**Exhibit D**
**Exhibit 1**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Emily Baker on behalf of Graig Fancher
Bar No. 24052016
ebaker@bwwlaw.com
Envelope ID: 75220303
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 5/2/2023 11:44 AM CST

Associated Case Party: ARBO Apartment Group I, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Eric JMillner | | emillner@bwwlaw.com | 5/2/2023 11:28:32 AM | SENT |
| William R.Korb | | bkorb@bwwlaw.com | 5/2/2023 11:28:32 AM | SENT |
| Graigory B.Fancher | | gfancher@bwwlaw.com | 5/2/2023 11:28:32 AM | SENT |

**Exhibit 1**

048-341991-23

FILED
TARRANT COUNTY
6/1/2023 1:53 PM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 048-341991-23

| | | |
|---|---|---|
| ARBO APARTMENT GROUP I, LLC, | § § § § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| v. | § § | 48th JUDICIAL DISTRICT |
| CRIMSON BUILDING COMPANY, LLC, and ERIC TODD LITTLE | § § § | |
| *Defendants.* | § | TARRANT COUNTY, TEXAS |

## FINAL DEFAULT JUDGMENT

On this date came on to be heard the above entitled and numbered cause and ARBO Apartment Group I, LLC ("Plaintiff") appeared through its attorney of record and announced ready for trial and Defendants Crimson Building Company, LLC ("Crimson") and Eric Todd Little ("Little") (collectively, the "Defendants"), though duly served with process, failed to appear or answer herein, and the date for filing Defendants' answers having passed, the Court finds that a default judgment is appropriate.

1.      The citations, along with the officer's returns thereon, have been on file with the Clerk of the Court for more than ten (10) days, exclusive of the day of filing and of this day, and Plaintiff is entitled to a default judgment on its claim against Defendants.

2.      The Court, having reviewed the pleadings, the evidence attached to *Plaintiff's Motion for Default Judgment,* and the other filings in this matter finds that Defendants are liable, jointly and severally, for damages incurred by Plaintiff, and Plaintiff is entitled to a judgment against Defendants, jointly and severally, on its claims for breach of contract, conversion, money had and received, violations of the Texas Trust Fund Act, and violations of the Texas Theft Liability Act. Plaintiff's damages produced by Defendants' said actions are in the sum of $552,505.15, prejudgment interest in the amount of $38,418.03 through June 1, 2023, per diem

**Exhibit 2**

prejudgment interest in the amount of $181.65 per day from June 2, 2023 through the date of judgment, costs of court in the amount of $601.85, and post-judgment interest at 12% per annum, compounded annually.

3.    The Court further finds that Plaintiff is entitled to a judgment against Defendants, jointly and severally, for Plaintiff's attorneys' fees in the sum of $8,972.50, which includes fees Plaintiff expects to spend in post-judgment collection efforts, an additional Ten Thousand and No/100 Dollars ($10,000.00) for legal services through appeal to the Court of Appeals if the Plaintiff is the successful litigant therein, an additional Ten Thousand and No/100 Dollars ($10,000.00) if a petition for review is filed with the Texas Supreme Court and Plaintiff is the successful litigant therein, and for attorneys' fees in the further sum of Ten Thousand and No/100 Dollars ($10,000.00) in the event the petition for review is granted by the Texas Supreme Court if Plaintiff is the successful litigant therein, with post-judgment interest thereon at the rate of 12% per annum.

It is, therefore, ORDERED, ADJUDGED and DECREED that Plaintiff have and recover judgment from Defendants, jointly and severally, in the amount of $552,505.15 for actual damages, prejudgment interest in the amount of $38,418.03 through June 1, 2023, per diem prejudgment interest in the amount of $181.65 per day from June 2, 2023 through the date of judgment, costs of court in the amount of $601.85, and post-judgment interest at 12% per annum, compounded annually, for all of which let execution issue.

It is further ORDERED, ADJUDGED and DECREED that Plaintiff have and recover judgment from Defendants, jointly and severally, for attorneys' fees in the sum of $8,972.50, which includes fees Plaintiff expects to spend in post-judgment collection efforts, and for attorneys' fees in the further sum of Ten Thousand and No/100 Dollars ($10,000.00) in the event this case is appealed to the Texas Court of Appeals if Plaintiff is the successful litigant therein,

**Exhibit 2**

and for attorneys' fees in the further sum of Ten Thousand and No/100 Dollars ($10,000.00) in the event a petition for review is filed with the Texas Supreme Court and Plaintiff is the successful litigant therein, and for attorneys' fees in the further sum of Ten Thousand and No/100 Dollars ($10,000.00) in the event the petition for review is granted by the Texas Supreme Court and Plaintiff is the successful litigant therein, with post-judgment interest thereon at 12% per annum, compounded annually, for all of which let execution issue.

This *Final Default Judgment* disposes of all parties and all claims and is final and appealable for all purposes.

SIGNED this _____ day of _____, 2023.

_____
JUDGE PRESIDING

FINAL DEFAULT JUDGMENT                                      PAGE 3 OF 3
498321

**Exhibit 2**

| **From:** | Thomas C. Vasquez |
|---|---|
| **To:** | "BKORB@BWWLAW.COM"; "EMILLNER@BWWLAW.COM" |
| **Subject:** | 048-341991-23 |
| **Date:** | Monday, June 5, 2023 3:49:00 PM |
| **Attachments:** | 04834199123000017.PDF |
| | image001.png |

Please see attached signed Final Default Judgment.

Thank you,

Thomas C Vasquez Jr.
Administrative Court Clerk, 48th Judicial District Court
Tarrant County District Clerk
Tom Vandergriff Civil Courts Building

100 N. Calhoun St.-2nd Floor
Fort Worth TX 76196
817-884-1568
tcvasquez@tarrantcounty.com



**Exhibit 2**



TARRANT COUNTY
**THOMAS A. WILDER**   **48th**
DISTRICT CLERK - CIVIL
100 N. CALHOUN ST., 2ND FLOOR
FORT WORTH, TEXAS 76196-0402

ERIC TODD LITTLE
1705 FOREST RIDGE DR
BEDFORD TX 76022

Exhibit 2



TARRANT COUNTY
**THOMAS A. WILDER** **48th**
DISTRICT CLERK - CIVIL
100 N. CALHOUN ST., 2ⁿᴰ FLOOR
FORT WORTH, TEXAS 76196-0402

ERIC TODD LITTLE
8721 AIRPORT FWY # 100
NORTH RICHLAND HILLS TX 76180

**Exhibit 2**



TARRANT COUNTY
**THOMAS A. WILDER**   **48th**
DISTRICT CLERK - CIVIL
100 N. CALHOUN ST., 2ᴺᴰ FLOOR
FORT WORTH, TEXAS 76196-0402

CRIMSON BUILDING COMPANY LLC
8721 AIRPORT FWY # 100
NORTH RICHLAND HILLS TX 76180

**Exhibit 2**